[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 520.]

ASH ET AL., APPELLANTS, *v*. ASH, APPELLEE.

[Cite as *Ash v. Ash*, 1995-Ohio-107.]

*Torts—Malicious prosecution—Compromise between defendant in a criminal proceeding and the prosecutor forecloses a later malicious prosecution claim against the complaining witness when the complaining witness was not a party to that compromise.*

A prosecution that is terminated by reason of a voluntary settlement or agreement of compromise with the accused is not indicative of guilt or innocence and, therefore, is not a termination in favor of the accused. (3 Restatement of the Law 2d, Torts [1977], Section 660[a], approved and adopted.)

(No. 94-1160—Submitted May 9, 1995—Decided April 26, 1995.)

CERTIFIED by the Court of Appeals for Wayne County, No. 2817.

————————————

{¶ 1} In the summer of 1991, plaintiff-appellant, Deborah E. Ash, instituted divorce proceedings against her husband, defendant-appellee, Ned D. Ash, Sr. ("Ash, Sr."), and left the house ("marital home"), where she had lived with Ash, Sr. during their marriage. Ash, Sr. is the sole owner of the marital home, which is located in Apple Creek, Ohio. Shortly after Deborah Ash instituted the divorce proceedings, Ash, Sr. moved from the marital home and leased the property to his son, defendant, Ned D. Ash, Jr. ("Ash, Jr.").

{¶ 2} On the advice of an assistant prosecuting attorney of Wayne County, Deborah Ash forcedly entered the marital home on at least two occasions, allegedly with her son-in-law, plaintiff-appellant, Craig Devore, for the purpose of collecting her personal belongings. They allegedly damaged a pickup truck, a window, and a door lock at the marital home.

**{¶ 3}** After the unauthorized entries, Ash, Jr., accompanied by Ash, Sr., went to the office of the Prosecuting Attorney of Wayne County and signed criminal complaints, charging Deborah Ash and Devore with committing criminal trespass and criminal damaging. Deborah Ash and Devore were each charged with two counts of criminal trespass, and Deborah Ash was also charged with one count of criminal damaging.

**{¶ 4}** Deborah Ash and Devore filed motions to dismiss the charges against them. The Wayne County Municipal Court denied their motions, holding that a spouse can be found guilty of trespassing in an estranged spouse's house without permission. During Deborah Ash's jury trial after the state had begun presenting its evidence and the trial judge called the parties' attorneys into his chambers and indicated that he was considering dismissing the criminal trespass charges against Deborah Ash, but continuing the trial with respect to the charge of criminal damaging. The judge suggested that Deborah Ash pay all court costs and agree to a restraining order prohibiting her from entering the marital home and that the state, in return, dismiss all criminal charges against her.

**{¶ 5}** After negotiating with Deborah Ash and after consulting with Ash, Jr., the state agreed and moved to dismiss all charges against her and Devore in exchange for their paying all court costs and Deborah Ash's consenting to a restraining order prohibiting her from entering the marital home owned by Ash, Sr. and from destroying marital assets. The prosecutor then moved to dismiss all charges against Deborah Ash and Devore on the express condition that they pay all court costs and that Deborah Ash agree to the restaining order. Deborah Ash paid court costs of $444.81 and signed a restraining order prohibiting her from entering the marital home. Devore paid court costs of $71. All charges against them were dismissed.

**{¶ 6}** Subsequently, Deborah Ash and Devore filed separate malicious prosecution actions against Ash, Sr. and Ash, Jr. in the Court of Common Pleas of

Wayne County. The cases were consolidated before trial. In their complaints, Deborah Ash and Devore asserted that Ash, Sr. and Ash, Jr. had procured criminal proceedings against them without probable cause. The defendants filed motions for summary judgment.

{¶ 7} The trial court ruled that Ash, Sr. and Ash, Jr. were entitled to summary judgment and dismissed all complaints against them. Upon appeal, the court of appeals concluded that the prosecutor had dismissed the criminal charges against Deborah Ash and Devore in the earlier criminal cases pursuant to a compromise and affirmed the judgment of the trial court. Finding its judgment in conflict with the decision of the Fifth District Court of Appeals in *Street v. Nichols Philadelphia Corp.* (Dec. 1, 1983), Tuscarawas App. No. 1781, unreported, the court of appeals certified the record of the cause to this court for review and final determination.

_____

*Kennedy, Cicconetti & Rickett Co., L.P.A., David C. Knowlton* and *William G. Rickett*, for appellants.

*Buckingham, Doolittle & Burroughs L.P.A., Reginald S. Kramer* and *Hamilton DeSaussure, Jr.*, for appellee.

_____

**WRIGHT, J.**

{¶ 8} The issue certified to this court is whether "a compromise between a defendant in a criminal proceeding and the prosecutor foreclose[s] a later malicious prosecution claim against the complaining witness when the complaining witness was not a party to that compromise." The answer to this query is "yes."

{¶ 9} This court previously has held that "[t]he elements of the tort of malicious criminal prosecution are (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused." *Trussell v. Gen. Motors Corp.* (1990), 53 Ohio St.3d 142,

559 N.E.2d 732, syllabus. A private person who initiates or procures the institution of criminal proceedings against another is not subject to liability unless the person against whom the criminal proceedings were initiated proves all three of the above-listed elements. See 3 Restatement of the Law 2d, Torts (1977) 406, Section 653. This case concerns only the third element—whether the criminal proceedings that gave rise to these malicious prosecution actions were terminated *in favor* of the plaintiffs.

{¶ 10} A proceeding is "terminated in favor of the accused" only when its final disposition indicates that the accused is innocent. See 3 Restatement of the Law 2d, Torts (1977) 420, Section 660, Comment a. Thus, an unconditional, unilateral dismissal of criminal charges or an abandonment of a prosecution by the prosecutor or the complaining witness that results in the discharge of the accused generally constitutes a termination in favor of the accused. See *Douglas v. Allen* (1897), 56 Ohio St. 156, 46 N.E. 707; see, also, Prosser & Keeton, Law of Torts (5 Ed.1984) 874, Section 119 ("Prosser"); 3 Restatement of the Law 2d, Torts (1977) 419, Section 659(c), Comment e.

{¶ 11} However, a prosecution that is terminated by reason of a voluntary settlement or agreement of compromise with the accused is not indicative of guilt or innocence and, therefore, is not a termination in favor of the accused. See Prosser, *supra*, at 875; 54 Corpus Juris Secundum (1987) 581, Malicious Prosecution, Section 55; 52 American Jurisprudence 2d (1970) 211, Malicious Prosecution, Section 43. 3 Restatement of the Law 2d, Torts (1977), Section 660, provides:

"A termination of criminal proceedings in favor of the accused other than by acquittal is not a sufficient termination to meet the requirements of a cause of action for malicious prosecution if

"(a) the charge is withdrawn or the prosecution abandoned pursuant to an agreement of compromise with the accused[.]"

**{¶ 12}** Comment *c* to that section gives the reason for this rule: "Although the accused by his acceptance of a compromise does not admit his guilt, the fact of compromise indicates that the question of his guilt or innocence is left open. Having bought peace the accused may not thereafter assert that the proceedings have terminated in his favor."

**{¶ 13}** The primary purpose of a settlement or an agreement of compromise is to avoid a determination on the merits of the criminal proceeding. It would be unfair to a complaining witness to allow an accused to secure the dismissal of the criminal charges against him or her by consenting to a compromise and then take advantage of the termination by suing the complaining witness.

**{¶ 14}** The appellants argue that the trial court should not have granted the defendants' motions for summary judgment because the existence of an agreement of compromise between the plaintiffs and the defendants is a jury question. We disagree for two reasons. First, it is the function of the court and not the jury to determine whether the criminal proceedings were terminated in favor of the plaintiffs. See 3 Restatement of the Law 2d, Torts (1977) 448, Section 673(b). With regard to the termination of criminal proceedings, a jury's only function is to determine the circumstances surrounding the termination if facts are disputed. *Id.* at 449, Comment *e.*

**{¶ 15}** In the case before us, both lower courts properly concluded, as a matter of law, that the criminal charges were dismissed pursuant to a voluntary agreement of compromise. The prosecutor expressly conditioned the motions to dismiss the criminal charges upon both plaintiffs' agreement to pay court costs and Deborah Ash's consent to a restraining order. It is undisputed that the plaintiffs voluntarily fulfilled those express conditions. Under these circumstances, the dismissal of the criminal charges was not unilateral; the plaintiffs, as well as the prosecutor, gave up something to effectuate the settlement and secure their dismissal. The actual amounts paid by the plaintiffs to secure their dismissal is

immaterial. The amount of a settlement is often based on a variety of factors completely unrelated to the merits of the case, such as a desire to avoid a timely and inconvenient trial, a party's continued ability to finance further litigation, and the extent to which a person is risk-adverse and unwilling to gamble on the outcome of the trial.

{¶ 16} Appellants' argument fails for another reason. An agreement of compromise does not have to be between the accused and the complaining witness. We recognize that most of the published cases concerning a termination of criminal proceedings by reason of a compromise involve a compromise between the accused and the complaining witness.[1] See, generally, Annotation (1983), 26 A.L.R.4th 565. However, the rule enunciated in Section 660 of the Restatement also encompasses compromises between the accused and the prosecuting attorney. Neither type of compromise terminates the prosecution in favor of the accused because they both avoid a determination on the merits and leave open the question of the accused's guilt or innocence.

{¶ 17} When faced with the issue, courts in other jurisdictions have held that a voluntary compromise between an accused and the prosecutor bars a malicious criminal prosecution action against the complaining witness. In *Bowman v. Breeden* (Dec. 20, 1988), Tenn. App. No. 1206, unreported, 1988 WL 136640, a case strikingly similar to the one before us, the attorney general moved to dismiss a criminal larceny charge conditioned upon the accused's agreement to pay court costs. The charges against the accused were subsequently dismissed pursuant to his agreement to pay court costs. The accused then filed a malicious prosecution action against the private person who had procured his arrest. The Tennessee court of appeals held that the dismissal of the criminal charges pursuant to the settlement

---

1. Although not necessary for our holding, we note that Deborah Ash quite clearly entered into an agreement of compromise with Ash, Sr. Both agreed to and applied for a temporary restraining order prohibiting both of them from entering the marital home or destroying marital assets.

between the accused and the state was not sufficiently favorable to the accused to sustain his malicious prosecution action. *Id*. at 2. See, also, *Schumer v. Craig Distrib. Co.* (Mo.App.1987), 745 S.W.2d 163; *Shinn v. Bank of Crocker* (Mo.App.1990), 803 S.W.2d 621, 627-628.

**{¶ 18}** For the foregoing reasons, we agree with both lower courts that the defendants were entitled to summary judgment. Although the plaintiffs may not have been aware of the legal effect of their agreements of compromise, the legal effect exists nonetheless and bars their malicious prosecution actions.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and HADLEY, JJ., concur.

RONALD E. HADLEY, J., of the Third Appellate District, sitting for COOK, J.

———————————