PAWUL, Appellant,

v.

PAWUL, Appellee.

[Cite as *Pawul v. Pawul* (1996), 113 Ohio App.3d 548.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69462.

Decided Aug. 19, 1996.

*Alan I. Goodman,* for appellant.

*John V. Heutsche Co., L.P.A.,* and *John V. Heutsche,* for appellee.

---

DAVID T. MATIA, Judge.

Mary Pawul, plaintiff-appellant, appeals the decision of the Cuyahoga County Court of Common Pleas denying her motion for attorney fees and/or prejudgment interest. For the following reasons, appellant's sole assignment of error is well taken. The judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

This case stems from the divorce of appellant and Kenneth Pawul, defendant-appellee. On or about January 26, 1993, appellee initiated a phone conversation with the Parma Police Department informing it of appellant's return to his premises, which was contrary to prior police orders. However, appellant was on the property exercising her court-ordered visitation rights.

Appellant was arrested and subsequently charged with criminal trespassing in violation of Parma Codified Ordinance 642.12. At a pretrial conference, the charges were dismissed after appellant signed a release discharging the city of Parma, its police department and the arresting officers from any liability.

On March 8, 1994, appellant filed a complaint against her former husband, claiming malicious prosecution and requested $50,000 in compensatory damages, $50,000 in punitive damages, attorney fees and costs. The parties agreed to binding arbitration pursuant to Loc.R. 21.2 and 29.

On March 30, 1995, the three-member panel found in appellant's favor and awarded her $2,200 in compensatory damages and $2,200 in punitive damages plus costs. Appellant obtained the affidavit of the chairman of the panel and attached it to a motion for prejudgment interest and attorney fees filed with the trial court on April 7, 1995. The affidavit established that the panel awarded punitive damages after finding that appellee had acted with malice and that the panel determined that the issue of attorney fees and/or prejudgement interest should be one for the trial court. On July 25, 1995, the trial court denied the motion without a hearing.

On August 23, 1995, appellant filed a notice of appeal with this court. On or about September 13, 1995, appellee filed a motion for relief from judgment pursuant to Civ.R. 60(B)(5). He argued that the Ohio State Supreme Court case of *Ash v. Ash* (1995), 72 Ohio St.3d 520, 651 N.E.2d 945, decided on July 26, 1995, is directly on point and should apply to this case as the judgment has remained unsatisfied up to that point. Appellant filed a brief in opposition.

On September 15, 1995, this court remanded the cause to the trial court for the limited purpose of ruling upon the pending Civ.R. 60(B) motion. Appellee's motion was denied. This appeal is now properly before this court.

Appellant states as her sole assignment of error:

"The trial court erred in finding that appellant was not entitled to an award of attorney fees and pre-judgment interest."

Appellant argues that the trial court abused its discretion in denying her motion for attorney fees and prejudgment interest. Specifically, appellant argues that punitive damages were awarded based upon the arbitration panel's determination that appellee had acted with malice. Therefore, the trial court was in error when it denied her motion for attorney fees without a hearing.

Additionally, appellant argues that although her attorney twice attempted to negotiate a settlement, appellee failed to make a good-faith effort to settle the case. Moreover, appellant argues that since appellee knew that she had a legitimate legal right to be on his premises and see her children, he could not have rationally evaluated the risks and potential liability of the case. For these reasons, appellant argues that the trial court abused its discretion when it failed to hold a hearing on the issue of prejudgment interest under R.C. 1343.03.

Appellant's sole assignment of error is well taken.

The award of prejudgment interest is governed by R.C. 1343.03(C), which provides:

"Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the

parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."

It is well established that it is within the discretion of the trial court whether or not to conduct a hearing on a motion for prejudgment interest. See *Novak v. Lee* (1991), 74 Ohio App.3d 623, 600 N.E.2d 260; *Okocha v. Fehrenbacher* (1995), 101 Ohio App.3d 309, 655 N.E.2d 744. Moreover, a trial court's ruling on prejudgment interest will not be reversed absent a finding of an abuse of discretion, *i.e.*, that the court's conduct and/or attitude is unreasonable, arbitrary or unconscionable. *Marous v. Ohio Bell Tel. Co.* (1992), 80 Ohio App.3d 306, 609 N.E.2d 192; *Mills v. Dayton* (1985), 21 Ohio App.3d 208, 21 OBR 222, 486 N.E.2d 1209.

Attorney fees are not recoverable by the prevailing party absent a statute providing for such an award. *Sorin v. Warrensville Hts. Bd. of Edn.* (1976), 46 Ohio St.2d 177, 75 O.O.2d 224, 347 N.E.2d 527. The exception to this rule arises when the opposing party has acted in bad faith. *Hutchinson v. J.C. Penney Cas. Ins. Co.* (1985), 17 Ohio St.3d 195, 17 OBR 432, 478 N.E.2d 1000. If bad faith is found, attorney fees may be awarded. See *Gates v. Toledo* (1897), 57 Ohio St. 105, 48 N.E. 500.

The determination of the amount of attorney fees to be awarded in a tort action is a matter for the trial court. *Digital & Analog Design Corp. v. N. Supply Co.* (1992), 63 Ohio St.3d 657, 590 N.E.2d 737. Moreover, unless the attorney fees are sought as sanctions for frivolous conduct pursuant to R.C. 2323.51, an evidentiary hearing is not mandated. See *Okocha, supra*.

Regarding prejudgment interest, the Ohio Supreme Court has held:

"A party has not 'failed to make a good faith effort to settle' under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. If the party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer." *Kalain v. Smith* (1986), 25 Ohio St.3d 157, 159, 25 OBR 201, 203, 495 N.E.2d 572, 574.

Unlike a case where punitive damages were awarded to compensate for unnecessary delay, see *Villella v. Waikem Motors, Inc.* (1989), 45 Ohio St.3d 36, 543 N.E.2d 464, the punitive damages awarded in this case were based upon the

arbitration panel's finding of malice. Evidence was presented which established that appellee had admitted liability to the malicious prosecution claim and still refused to negotiate a settlement of the case. Additionally, evidence was presented which further established that appellant's counsel twice attempted to negotiate a settlement. With these facts, we find that there is a genuine issue as to whether appellee failed to make a good-faith effort to settle in accordance with *Kalain, supra.* Cf. *Ware v. Richey* (1983), 14 Ohio App.3d 3, 14 OBR 6, 469 N.E.2d 899.

■ Regarding appellant's request for attorney fees, we again reiterate that the arbitration award included punitive damages for what the panel considered to be malicious behavior on the part of appellee. Moreover, the value of the attorney fees had been established in accordance with *Hutchinson, supra.* Finally, we find no merit to appellee's claim that *Ash, supra,* 72 Ohio St.3d 520, 651 N.E.2d 945, is controlling, as the issue concerning the validity of the arbitration award is not before this court.

For these reasons, we find that there may be grounds for an award of prejudgment interest and/or attorney fees. In this instance, the trial court abused its discretion in failing to hold an evidentiary hearing on appellant's motion.

The judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment accordingly.*

HARPER, P.J., and O'DONNELL, J., concur.