I concur in judgment only with the majority opinion. I concur in full with the majority's analysis of the first assignment of error. As for the second assignment of error, I agree that the award of attorney fees must be reversed. However, I must note that an evidentiary hearing is not required upon remand.
This court has consistently held that unless the attorney fees are sought as sanctions for frivolous conduct pursuant to R.C.2323.51, an evidentiary hearing is not mandated. Pawul v. Pawul (1996), 113 Ohio App.3d 548, 551, citing Okocha v. Fehrenbacher (1995), 101 Ohio App.3d 309, 321.
This court recently reviewed this issue in Santoscoy v. Ganley Nissan, Inc. (Sept. 2, 1999), Cuyahoga App. No. 75957, unreported. In that case, Ganley argued in part that an evidentiary hearing was required prior to the award of attorney fees. Although this court reversed the judgment of the trial court, upon remand we merely directed the trial court to issue a more definitive order indicating which DR 2-106(B) factors it considered in awarding attorney fees. This court concluded:
 * * * Upon remand, the trial court is not required to hold a hearing or consider additional evidence. In addition, the court should not feel compelled to reconsider its fee determination. We merely instruct the court to issue an order listing the factors it took into consideration and stating the basis for the fee determination in compliance with Bittner, supra.
Santoscoy, supra.
Pursuant to Okocha and its progeny, this court should not mandate a hearing in the instant case. Instead, we should merely direct the court to issue a more definitive order in the interest of meaningful appellate review.