DECISION
Plaintiffs-appellants, Gregory Green and Sandy Green, appeal from a judgment of the Franklin County Court of Common Pleas granting in part and overruling in part the motion for summary judgment of appellees, City of Gahanna, James E. McGregor, Thomas L. Weber, Raymond Mularski and Douglas Tailford, Jr.
Appellants, husband and wife, are former homeowners and residents of the city of Gahanna, having moved from the area after the events at issue in this case. The individual defendants are city officials: James E. McGregor is Mayor of Gahanna, Thomas L. Weber is the Gahanna City Attorney, Raymond Mularski is the City Prosecutor, and Douglas Tailford is the City of Gahanna Zoning Administrator. The present case is the latest episode in what has become a contentious and often confrontational relationship between appellants and the city they once called home.
The first difficulties between appellants and the city apparently arose in 1991, when the city converted an underground water drainage system adjacent to appellants' property into an above-ground open ditch detention basin. The city undertook this modification because the previous underground drainage system had failed to operate properly. Appellants and some neighbors, who are not parties to this suit, objected to the creation of the open ditch detention basin. The principal concern was that the steeply sloped open basin still allowed flooding and presented an additional hazard, even in dry weather. When the city did not respond to their concerns, Mr. Green and a neighbor, Nicholas Hogan, undertook to reinstall the underground drainage system themselves, using gravel and thirteen-foot sections of ten inch perforated PVC pipe. Although the record is not entirely clear on this issue, it appears that the detention basin is located in an easement upon appellants' property and neighboring residential lots. After Mr. Green and Mr. Hogan had placed a single load of gravel into the detention basin, their efforts were interrupted by the arrival of Mayor McGregor, City Attorney Weber, other city officials and a number of Gahanna police officers. Thus confronted, Mr. Green and his neighbor ceased their attempt to restore the underground drainage system and eventually removed the load of gravel that had already been dumped. The unused PVC pipe was stored on appellants' property, where its presence would be an ongoing source of disagreement between appellants and appellees in years to come.
In the six-year period between November 1991 and December 1997, appellants would receive numerous citations, complaints, or notification letters from the city regarding various alleged violations of Gahanna ordinances in connection with the maintenance of their property. On November 26, 1991, Mr. Green was cited for failure to remove the gravel he had dumped in the detention basin. This citation was withdrawn when Mr. Green removed the gravel shortly thereafter. On June 9, 1992, Mr. Green was cited for storing the PVC pipe on his property, in violation of Gahanna Codified Ordinances Section 521.07. Although Mr. Green did not remove the pipe, the citation was subsequently withdrawn. On June 13, 1992, Mr. Green was cited for violating Gahanna's noise ordinance. This citation was also subsequently withdrawn by the city prosecutor, Mr. Mularski.
Contemporaneously, appellants, in conjunction with Mr. and Mrs. Hogan, had initiated the first of several civil actions against the city and its officials. The first action, filed in 1992, alleged that the city had negligently designed, constructed, and maintained the storm water drainage system and violated appellants' civil rights under Section 1983, Title 42, U.S.Code. The matter was removed to Federal District Court on the motion of defendants. The Federal District Court granting summary judgment on the federal claims and dismissed the remaining state law claims without prejudice.
In 1995, the Greens and Hogans refiled, in the Court of Common Pleas, the state law claims previously dismissed by the Federal District Court. Shortly thereafter, appellants were twice cited for failure to pay their Gahanna City income tax. The citations were apparently based upon appellants' failure to include copies of their federal income tax forms when submitting their city income tax forms. It is unclear from the record whether appellants had actually failed to pay taxes, or whether the citations were based on a mere procedural deficiency in their returns. In any event, the city subsequently dismissed the tax-related complaints.
In January 1995, the city sent a notification to appellants to inform them that a light installed in their backyard constituted a nuisance in violation of applicable Gahanna ordinances, because it was visible beyond property lines. Appellants apparently adapted the light to the satisfaction of the complaining neighbors, and nothing further came of this notice from the city.
In August 1996, the city sent Mr. Green another notification letter informing him that his commercial plumbing truck was parked at his home in violation of applicable ordinances. It appears that no formal complaint was ever issued pursuant to this notification letter.
In addition, in 1996, Mr. Green was four times cited for allowing his grass to exceed eight inches in height in purported violation of Gahanna Codified Ordinances Section 945.06. Prosecutor Mularski subsequently withdrew all the citations when it became apparent that the language of this section made it applicable only to vacant and unoccupied lots.
In August 1997, the parties settled the 1995 refiling of their state law claims and entered into a release and settlement agreement. The action was dismissed with prejudice. The agreement imposed certain conditions upon both parties, including allocation of responsibility for maintenance and upkeep of the storm water drainage basin, and the parties' agreement that future differences would be resolved as far as possible on an informal basis without threats of official or legal action.
Notwithstanding the prior settlement, on November 7, 1997, appellants filed another lawsuit alleging malicious prosecution, negligence, invasion of privacy, and conspiracy. This action was dismissed with prejudice by entry dated February 9, 1998.
Mr. Green was cited one last time by the city on December 5, 1997, for unlawful storage of construction materials in violation of Gahanna Codified Ordinances Section 1167.09, based upon the continued presence on his property of the ten-inch PVC pipe. After further complications, including Mr. Green's failure to appear for trial and subsequent jailing pursuant to a bench warrant, Mr. Green appeared for trial in Franklin County Municipal Court and was found not guilty. The court found that the ordinance relied on by the city applied only to property under construction, and did not preclude appellants from storing the PVC pipe on their property.
Appellants filed their complaint in the present action on October 23, 1998. The complaint sets forth state law claims for malicious prosecution, negligent and/or intentional infliction of emotional distress, and breach of contract. The complaint also alleges federal claims under Section 1983, Title 42, U.S. Code for retaliatory prosecution and malicious prosecution.
The trial court addressed the matter on appellees' motion for summary judgment. Addressing appellants' state law claims, the court found that appellants' malicious prosecution claim was subject to a one-year statute of limitations. The only prosecution initiated by the city in the year prior to filing the present action was the final citation for storage of the PVC pipe on appellants' property. Despite the fact that Mr. Green was acquitted after a bench trial on this citation, the court found that the city had probable cause to undertake the prosecution, and that appellants had therefore failed to establish a prima facie case of malicious prosecution. The court accordingly granted summary judgment for appellees on appellants' state law malicious prosecution claim.
With respect to appellants' negligent infliction of emotional distress claim, the court found that the elements of that tort were completely inapplicable to the facts of the case and granted summary judgment for appellees. The court further found, addressing appellants' intentional infliction of emotional distress claim, that appellees' conduct in this case did not amount to "extreme and outrageous" conduct, and accordingly did not meet the elements of this tort. The court therefore granted summary judgment to appellees on appellants' claim for intentional infliction of emotional distress.
Regarding appellants' breach of contract claim, the court found that there remained a material issue of fact regarding whether appellees' actions after the 1997 settlement constituted a violation of the agreement between the parties embodied in that settlement. The court accordingly declined to grant summary judgment on appellants' breach of contract claim.
Turning to appellants' federal claims for retaliatory prosecution and malicious prosecution, the court first found that, to the extent that the retaliatory prosecution claim sought relief on the basis of acts occurring prior to November 7, 1997, the date the settlement was entered into between the parties, it was barred by res judicata. This left only the December 5, 1997 citation for storing PVC pipe as a basis for the action. The court further found that appellants had presented no evidence to establish that Mayor McGregor was personally involved with, had knowledge of, or participated in any way in the decision to prosecute appellants for the final PVC pipe citation. The court thus granted summary judgment to Mayor McGregor only. The court found, however, that the city and remaining individual defendants were not otherwise entitled to summary judgment on the retaliatory prosecution claim.
Addressing appellants' federal malicious prosecution claim, the court found that, to support such claim, appellants needed to show not merely that the statutes had been selectively enforced against them maliciously and in bad faith, but that the selective enforcement was tied to the exercise of protected constitutional rights. Because appellants' complaint alleged only that the defendants had selectively enforced statutes against them out of simple malice or animosity, the court found that the federal malicious prosecution claim must fail and, accordingly, granted summary judgment for appellees.
Appellants' have dismissed the remaining claims in the trial court in order to give rise to a final appealable order, timely appealed from the trial court's judgment, and bring the following assignments of error:
 I. THE TRIAL COURT ERRED IN SUSTAINING APPELLEES' MOTION FOR SUMMARY JUDGMENT ON APPELLANTS' STATE CLAIM OF MALICIOUS PROSECUTION BECAUSE APPELLANTS' ESTABLISHED ALL OF THE ELEMENTS OF A STATE CLAIM FOR MALICOUS PROSECUTION.
 II. THE TRIAL COURT ERRED IN SUSTAINING APPELLEES' MOTION FOR SUMMARY JUDGMENT ON APPELLANTS' FEDERAL CLAIM FOR MALICIOUS PROSECUTION BECAUSE APPELLANTS ESTABLISHED ALL OF THE ELEMENTS OF A FEDERAL CLAIM FOR MALICIOUS PROSECUTION.
Initially, we note that appellants have specifically declined to appeal the trial court's judgment with respect to their negligent infliction of emotional distress and intentional infliction of emotional distress claims. In addition, appellants do not raise as error the trial court's limitation on the chronological scope of their retaliatory prosecution action, or judgment in favor of Mayor McGregor in this respect. The present appeal is, therefore, limited to issues concerning appellants' state and federal claims for malicious prosecution. As pointed out by appellees, since Mr. Green was the only person prosecuted and, thus, the only potential claimant under these theories, technically Mr. Green would be the sole appellant in the present case. We will nonetheless continue to refer to "appellants" in the plural, for the sake of consistency and because Mrs. Green's standing in this respect was not passed upon by the trial court.
The present matter was decided on summary judgment. Pursuant to Civ.R. 56(C), summary judgment may be granted where there remains no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion. Davis v. Loopco Industries, Inc. (1993), 66 Ohio St.3d 64. A moving party cannot discharge its burden under Civ.R. 56 simply by making conclusory assertions that the nonmoving party has no evidence to prove its case. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Rather, the moving party must point to some evidence that affirmatively demonstrates that the nonmoving party has no evidence to support his or her claims. Id.
An appellate court's review of summary judgment is de novo. Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588. The appellate court will therefore conduct an independent review of the record and stand in the shoes of the trial court, examining all items of evidence submitted in support of and in opposition to summary judgment. Jones v. Shelly Co. (1995), 106 Ohio App.3d 440, 445. The appellate court will accordingly overrule or affirm the trial court's judgment based on the properly submitted evidence and any grounds raised by the parties, even if the trial court failed to consider those grounds. Bard v. Society Natl. Bank nka Key Bank (Sept. 10, 1998), Franklin App. No. 97AP-1497, unreported.
Appellants' first assignment of error asserts that the trial court erred in granting summary judgment on appellants' state malicious prosecution claim. The parties agree that to establish a prima facie case of malicious prosecution, a plaintiff must show: (1) malice in instituting or continuing the prosecution; (2) lack of probable cause for undertaking the prosecution; and (3) termination of the prosecution in favor of the accused. Ash v. Ash (1995), 72 Ohio St.3d 520. Regarding the second element, which is the first and only one debated in the present case, it has been stated that the issue is not whether a crime was actually committed, but whether a reasonable basis existed for believing the accused was guilty of the crime. McFinley v. Bethesda Oak Hosp. (1992), 79 Ohio App.3d 613, 617. Thus, the existence of a reasonable basis to believe that a crime has been committed is sufficient to defeat a claim of malicious prosecution. Koch v. Ohio Dept. of Natural Resources (1994), 95 Ohio App.3d 193.
Appellant was cited under Section 1167.09 of Gahanna's codified ordinances providing as follows:
 In a Residence District, the storage of construction materials on any one lot shall be limited to the quantity of material required for the construction of the dwelling unit or units proposed for such lot, provided the plans for such dwelling unit or units have been previously approved by the Building Inspector.
Mr. Green has never disputed that he stored construction materials on his residential lot in the form of nine, thirteen-foot sections of ten inch PVC pipe for the period from 1991 through 1997. Rather, Mr. Green successfully argued at his criminal trial in municipal court that, since his residence was completely constructed, Section 1167.09 did not apply, as it was intended to address only vacant lots on which proposed dwelling construction was planned. The municipal court chose not to accept the city's broader interpretation of Section 1167.09, presented in zoning administrator Tailford's testimony that the ordinance should be read to prohibit any storage of construction material on a residential lot, improved or unimproved, unless immediately required for initial construction or improvement to the property.
For reasons which are not clear from the record, Mr. Green was not cited in 1997 under arguably the more relevant Gahanna ordinance, Section521.07, under which Mr. Green was originally cited in 1992 for the PVC pipe on his lot:
 (a) No person, being the owner or occupant of any premises shall permit household or commercial or industrial waste matter such as paper, straw, excelsior, rags, wearing apparel, grass clippings, trimmings from trees and shrubs or wood, tin cans, glass, metal including all forms of scrap, tires, ashes, and other waste and trash and building materials to be stored or to accumulate about residential, commercial or industrial buildings or on the lots or land upon which such structure may be situated or upon vacant lots, except materials accumulated in the construction, remodeling or repairing of buildings, provided there is an existing building permit for such construction, remodeling or repairing project, and except also, trash and waste accumulated in covered containers for regular pickup by City operated or licensed trash and garbage haulers. [Gahanna Codified Ordinances Section 521.07(a); Emphasis added.]
Appellants argue on appeal that the municipal court's decision in the criminal trial that Section 1167.09 was inapplicable to Mr. Green's storage of PVC pipe at his fully constructed dwelling, and consequent not guilty verdict, also constitutes res judicata on the issue of probable cause. Clearly, a not-guilty verdict in a trial is not determinative of probable cause since a lesser degree of proof is required to establish probable cause than to show guilt beyond a reasonable doubt. Huber v. O'Neill (1981), 66 Ohio St.2d 28. Thus, the type of identity of issues necessary to invoke res judicata in the form of collateral estoppel is not present in this case. See, e.g., State v. Lenker (Feb. 25, 1991), Montgomery App. No. 12083, unreported.
Examining the materials before the trial court on summary judgment with respect to the issue of probable cause, in the form of the above-quoted ordinances and the undisputed evidence of the PVC pipe on Mr. Green's fully-constructed residential lot for over six years, we find that the trial court did not err in granting summary judgment for appellees. As the trial court correctly recognized, probable cause, under many circumstances, does not need to have existed for the specific charge for which an individual was cited as long as probable cause existed for an arrest on a closely related charge.
 A police officer need not actually have had the crime for which probable cause existed in mind at the time of the arrest; rather, the question is "whether the conduct that served as the basis for the charge for which there was no probable cause could, in the eyes of a similarly situated reasonable officer, also have served as the basis for a charge for which there was probable cause."
Avery v. King (C.A.6, 1997), 110 F.3d 12, 14.
Examining the language of the above cited Gahanna codified ordinances, it was not unreasonable for the city to initiate prosecution under either Section 521.07 or 1167.09, based upon the long-term storage of large-diameter PVC pipe on appellants' residential property. While the city undertook to charge Mr. Green under arguably the less-applicable ordinance, and the municipal court ultimately found that that ordinance was inapplicable to appellants, this of itself, under the circumstances, does not establish an absence of probable cause. We accordingly find that there does not remain a material issue of fact on the question of whether the city lacked probable cause for undertaking the prosecution and appellants have failed to establish a prima facie case of malicious prosecution. The trial court's grant of summary judgment for appellees on appellants' state malicious prosecution claim is accordingly affirmed and appellants' first assignment of error is accordingly overruled.
Appellants' second assignment of error asserts that the trial court erred in granting summary judgment on their federal claim under Section 1983, Title 42, U.S. Code seeking recovery for malicious prosecution.
 * * * [A] victim of common-law malicious prosecution can show a constitutional violation redressable under Section 1983, Title 42, U.S.Code. *** To do so, in addition to the common-law elements, [the plaintiff] must show that [the defendants] have deprived him of a right secured by the Constitution and the laws of the United States and, second, that [defendants] deprived him of such constitutional right under color of law.
Mayes v. Columbus (1995), 105 Ohio App.3d 728, 742, citing Toney v. Davis (C.A.6, 1994), 23 F.3d 408.
Appellants' brief on appeal concedes that the Section 1983 claim is predicated upon successful establishment of a malicious prosecution claim under state law, in conjunction with deprivation of a federal constitutional right under color of law. In the present case, summary judgment for appellees on the state malicious prosecution claim therefore precludes the federal claim. Our conclusion with respect to appellants' first assignment of error accordingly dictates that appellants' second assignment of error be overruled as well.
In summary, appellants' first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas granting partial summary judgment for appellees is affirmed.
 _______________ DESHLER, J.
BRYANT, P.J., and KENNEDY, J., concur.