JOURNAL ENTRY and OPINION
Plaintiff-appellant herein, Dr. Gwen Haas, appeals from the trial court's grant of partial summary judgment in favor of defendant-appellee, Detective Tim Reed, on plaintiff-appellant's claims for malicious prosecution.
This case arose out of an incident between the appellant and her ex-fiancé, Richard Simon, where the appellant was accused of striking Mr. Simon. Prior to the confrontation, the appellant had called off her engagement with Mr. Simon after learning that he had misrepresented significant portions of his personal and professional past, including his age, employment history, prior marriages and criminal history. The appellant learned of these misrepresentations after her parents hired a private investigator to check out Mr. Simon.
Because of the parties' conflicting versions of the events that had transpired which lead to the appellant being charged with criminal assault, the Village of Chagrin Falls appointed a special prosecutor to investigate the surrounding circumstances. Subsequent to his investigation, the special prosecutor charged the appellant with criminal assault. The appellant was acquitted of this charge after a trial in Bedford Municipal Court on September 28, 1999.
The within complaint alleging malicious prosecution was filed in the Cuyahoga County Court of Common Pleas on September 28, 2000. Named as defendants in the lawsuit were the Village of Chagrin Falls, Blair Melling, Esq., the special prosecutor appointed for the criminal case, and the following members of the Chagrin Falls Police Department: Sergeant Steve Kovacs, Detective Timothy Reed, Patrolman Jeff Polack and Patrolman Dennis Nyce. On November 27, 2000, the appellant filed an amended complaint which included an additional claim of abuse of process, but only as against defendant Melling. On March 20, 2001, the defendants filed a joint motion for summary judgment. On April 20, 2001, the trial court granted the motion for summary judgment in part and denied it in part pursuant to the following judgment entry:
 Defendants' motion for summary judgment filed on March 20, 1991 is granted in part and denied in part. Defendants' motion for summary judgment as to Sergeant Kovacs, Detective Reed, Patrolman Polack, Patrolman Nyce is granted. Defendants' motion for summary judgment as to the Village of Chagrin Falls and Prosecutor Melling is denied. Defendants failed to move for summary judgment on plaintiff's abuse of process claim. This count stands.
On April 24, 2001, the appellant filed a notice of voluntary dismissal as to her claims against defendants Chagrin Falls and Melling. All of the claims against the other defendants had previously been disposed of via the court's April 20, 2001 judgment entry. The within notice of appeal was filed on May 16, 2001.
Appellant is only appealing to this court the grant of summary judgment as to Detective Reed. The grant of summary judgment as to the other members of the Chagrin Falls Police Department who were initially named as defendants was not appealed. The only claim against Detective Reed contained within the amended complaint was for malicious prosecution. Thus, our analysis herein is limited to a review of the appropriateness of the trial court's grant of summary judgment on the appellant's malicious prosecution claims against Detective Reed.
The appellant's sole assignment of error states:
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE DETECTIVE TIM REED.
Appellate review of summary judgments is de novo. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241; Zemcik v. LaPine Truck Sales Equipment (1998), 124 Ohio App.3d 581, 585,706 N.E.2d 860. The Ohio Supreme Court stated the appropriate test inZivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-370,696 N.E.2d 201, as follows:
 Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383,385, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359,604 N.E.2d 138.
In the present case, Detective Reed moved for summary judgment asserting that he was entitled to governmental immunity because of his status as a police officer. Under R.C. 2744.03(A)(6), an employee of a political subdivision is immune from liability unless one of the following apply:
 (a) The employees acts or omissions were manifestly outside the scope of his employment or official responsibilities; or
 (b) The employees acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or
 (c) Liability is expressly imposed upon the employee by a section of the Revised Code.
A police officer "cannot be held personally liable for acts committed while carrying out his or her official duties unless one of the exceptions to immunity is established." Cook v. Cincinnati (1995),103 Ohio App.3d 80, 90, 658 N.E.2d 814.
In support of his motion for summary judgment, Detective Reed presented an affidavit in which he states that at all times material to this case he was acting in his official capacity, as well as citations to portions of his deposition testimony to the same effect. The affidavit further stated that his role in the investigation of the appellant was directed by special prosecutor Melling and that it was Melling[1] who made the determination as to probable cause to bring charges against the appellant. Thus, Detective Reed met his initial Dresher burden of showing an absence of an issue of fact by demonstrating that he was entitled to immunity pursuant to R.C. 2744.03.
After Detective Reed met his initial Dresher burden by way of affidavit and deposition excerpts, it became incumbent upon the appellant to demonstrate specific facts showing that there was a genuine issue for trial. Specifically, the appellant was obligated to provide Civ.R. 56(C) evidence showing both malice on the part of Detective Reed and lack of probable cause. As Detective Reed was not the individual technically vested with the discretion to bring charges against the appellant or to effect an arrest of her person, the appellant faced an uphill battle at the trial court level in establishing the elements of malicious prosecution as outlined in Ash v. Ash (1995), 72 Ohio St.3d 520, 522,651 N.E.2d 945, as against Detective Reed.
In Ash, supra, the court reiterated the elements of malicious prosecution:
 This court previously has held that "the elements of the tort of malicious criminal prosecution are (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused." Trussell v. Gen. Motors Corp. (1990), 53 Ohio St.3d 142, 559 N.E.2d 732, syllabus.
See, also, Clark v. Marc Glassman, Inc. (Aug. 30, 2001), Cuyahoga App. No. 78640, unreported. Malice has been defined as:
 [t]he state of mind under which a person intentionally does a wrongful act without a reasonable lawful excuse and with the intent to inflict injury or under circumstances from which the law will infer an evil intent. * * * For purposes of malicious prosecution it means an improper purpose, or any purpose other than the legitimate interest of bringing an offender to justice. Criss v. Springfield Twp. (1990), 56 Ohio St.3d 82, 84-85, 564 N.E.2d 440.
Probable cause has been defined as:
 [a] reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged. Melanowski v. Judy, supra, at 156. See, also, Huber v. O'Neill (1981), 66 Ohio St.2d 28, at 30, 419 N.E.2d 10.
This court will not speculate as to the likelihood of success at trial, but does find that factual disputes exist as to whether or not Detective Reed was reckless in assessing the credibility of Richard Simon. That assessment formed the basis of probable cause and the subsequent charge of criminal assault. Whether or not malice can be inferred is a task left to the fact finder.
Therefore, we find that the trial court incorrectly determined that the appellant failed to meet her burden under Civ.R. 56(E) showing that there was a genuine issue for trial. Accordingly, summary judgment was improperly granted.
Judgment reversed and remanded.
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and ANN DYKE, J., CONCUR.
[1] It is clear that Melling sought the input of Detective Reed in determining probable cause or the lack thereof.