DECISION AND JUDGMENT ENTRY
{¶ 1} Alton Davis sued his former wife, Teresa Remy, for malicious prosecution based upon several complaints she filed against him. After the trial court granted summary judgment to Ms. Remy, Davis appealed. He contends the common pleas court improperly took judicial notice that the records of the underlying criminal cases remained sealed under R.C. 2953.51 et seq. He also contends the common pleas court erroneously concluded that the sealing of the records prevented Davis from establishing his malicious prosecution claim. Because the common pleas court appropriately relied on the representations of both parties that the official records pertaining to Davis' criminal prosecution had been and remained sealed, any error in this regard was invited. And because as a matter of law the proceedings are deemed not to have occurred, Davis cannot establish the elements of the malicious prosecution claim while the records remained under seal. Thus, we affirm the judgment.
 I. Facts {¶ 2} Davis filed a civil complaint in the common pleas court alleging that during the parties' divorce proceedings, Remy initiated six criminal complaints against him, resulting in his arrest and prosecution. Davis alleged that all of the criminal charges were ultimately dismissed, including three by jury acquittal, and that Remy knew there was no probable cause to support the charges when she filed them.
 {¶ 3} The common pleas court granted Remy's motion to dismiss the complaint under Civ.R. 12(B)(6), for failure to state a claim upon which relief can be granted. On Davis' first appeal to this court, we reversed and remanded for further proceedings, concluding that summary judgment under Civ.R. 56, rather than a motion to dismiss, was the appropriate mechanism to decide whether the matter should proceed to trial.
 {¶ 4} On remand, Remy filed various motions, memoranda and evidentiary material, which asserted that all official records pertaining to Davis' criminal prosecution had been sealed and continued to be sealed by the municipal court under R.C. 2953.51
et seq. Remy argued that until Davis unsealed the official records of the criminal proceedings, he could not rely on them to establish his claim because under the statute, the proceedings were "deemed not to have occurred." Contending that Davis could not establish the elements of malicious prosecution, nor could she prepare a defense based upon probable cause, Remy moved for summary judgment on Davis' malicious prosecution claim. In the alternative, Remy moved in limine to prohibit Davis from referring to or using any evidence at trial pertaining to the sealed criminal records.
 {¶ 5} In response, Davis filed memoranda contra acknowledging that the records of the criminal proceedings that formed the basis of his malicious prosecution claim had been sealed and continued to be sealed by the municipal court. Davis also acknowledged that he had sole authority under R.C. 2953.53(D)(1) to request the release of the records and that he had opposed a motion brought by Remy in the municipal court to grant her access to the sealed records. Davis represented to the common pleas court that in response to Remy's motions in limine in this case, he had filed a motion with the municipal court to grant Remy and her counsel access to the sealed records; Davis submitted an unsigned and undated copy of that motion to support his representation.
 {¶ 6} Ultimately, the common pleas court granted Remy's motion for summary judgment on Davis' claim for malicious prosecution. Following the court's dismissal of that claim, Davis voluntarily dismissed an additional claim against Remy for intentional infliction of emotional distress. Davis then appealed.
 II. Assignments of Error {¶ 7} Davis presents the following assignments of error:
I. THE TRIAL COURT ERRED IN DISMISSING, SUA SPONTE, THE PLAINTIFF'S CAUSE OF ACTION FOR MALICIOUS PROSECUTION BASED UPON THE APPARENT TAKING OF JUDICIAL NOTICE OF PROCEEDINGS IN ANOTHER COURT.
II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF/APPELLANT IN DISMISSING HIS CLAIM OF MALICIOUS PROSECUTION ON THE BASIS THAT THE RECORDS OF THE PROSECUTION "HAD BEEN PREVIOUSLY SEALED AND REMAINED SEALED" PURSUANT TO2953.52 R.C. SAID DISMISSAL CONSTITUTED AN ABUSE OF DISCRETION.
 III. Standard of Review {¶ 8} In reviewing a trial court's grant of summary judgment, we review the judgment independently and without deference to the trial court's determination. See Midwest Specialties, Inc. v.Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8. Summary judgment is appropriate only if (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can only come to a conclusion that is adverse to the party opposing the motion after construing the evidence most strongly in favor of the opposing party. Civ.R. 56(C); Bostic v. Connor (1988),37 Ohio St.3d 144, 146, citing Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66. See, also, Civ.R. 56(E); Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293.
 IV. Dismissal of the Malicious Prosecution Claim {¶ 9} Davis' assignments of error, which are interrelated, assert the common pleas court erred in granting Remy summary judgment on Davis' cause of action for malicious prosecution.
 {¶ 10} Davis first contends the common pleas court erroneously "sua sponte" dismissed the malicious prosecution claim when the only matters before the trial court for consideration were motions in limine seeking the exclusion of evidence at trial.
 {¶ 11} The record reflects that prior to the court's decision, Remy renewed a previously denied motion for summary judgment on Davis' malicious prosecution claim. Davis acknowledges that the court was not restrained from reconsidering its initial denial of Remy's summary judgment motion because it was not a final appealable order. Also, and perhaps more notable, the June 10, 2005 entry journalizing the court's decision, was "submitted and approved" by both parties without objection. It specifically states that a motion to dismiss Davis' malicious prosecution claim was before the court for decision. Because Davis approved the journal entry without objection as to substance or form, he cannot challenge the accuracy of the journal entry now. Thus, the record does not support Davis' contention that the common pleas court "sua sponte" dismissed his claim for malicious prosecution.
 {¶ 12} Davis next asserts that the common pleas court improperly took judicial notice of the fact that the records and proceedings in the municipal court criminal cases had been and continued to be sealed. Davis contends there was no formal stipulation of this fact, and the common pleas court was never presented with a copy of a municipal court order sealing the records.
 {¶ 13} In the journal entry, the court noted that both parties reported that they would rely on their previously filed memoranda and did not desire to present additional arguments. Again, Davis approved the entry without objection. All previous memoranda filed by the parties acknowledged that the records and proceedings pertaining to Davis' criminal prosecution remained under seal in the municipal court, and neither party presented any contrary evidence to the common pleas court. Although Davis had represented to the common pleas court in February 2005 that he had asked the municipal court to grant Remy and her counsel access to the sealed records, he did not subsequently argue or present evidence to the common pleas court that the municipal court granted his motion. Davis states in his brief on appeal that his motion to unseal the records was granted by the municipal court on July 12, 2005, which we note is before judgment was entered in this case on July 20, 2005. The record before this court does not contain a copy of any municipal court order granting access to the subject sealed records, and there is no indication that Davis brought such an order to the attention of the common pleas court. The rules of appellate procedure provide that in the absence of documentation in the appellate record, an event did not happen. Our review of the record reveals that the common pleas court appropriately relied on the parties' memoranda and supporting documentation and did not take inappropriate judicial notice in finding that the criminal records and proceedings in question "had previously been sealed and remain sealed." Rather, if any error exits in this regard, it was invited by the parties.
 {¶ 14} Finally, Davis asserts the common pleas court erred as a matter of law in concluding he could not maintain an action for malicious prosecution because the official records pertaining to his criminal prosecution remained sealed by the municipal court under R.C. 2953.51 et seq.
 {¶ 15} If the official records of a case are sealed, "the proceedings in the case be deemed not to have occurred." R.C.2953.52(B)(3). The official records must be unsealed and made available, however, upon written application of the person who is the subject of the sealed records. R.C. 2953.53(D)(1); Akron v.Frazier (2001), 142 Ohio App.3d 718. "Official records" is a broadly defined term that includes all records possessed by any public office or agency that relate to a criminal case including, but not limited to: complaints filed in the criminal case; all papers and documents filed by the defendant or prosecutor; all records of testimony and evidence presented in all proceedings in the case; and all court files, papers, documents, and entries. R.C. 2953.51(D); Fafard v. Waxman (Feb. 27, 1998), Hamilton App. No. C-960840.
 {¶ 16} To establish his malicious prosecution claim, Davis had to prove three elements: (1) Remy had malice in initiating or procuring the institution of criminal proceedings against Davis, (2) Remy lacked probable cause to initiate or procure the charges against Davis, and (3) the prosecution terminated in Davis' favor. See Trussell v. Gen. Motors Corp. (1990),53 Ohio St.3d 142, at the syllabus. A proceeding is "terminated in favor of the accused" only when the final disposition indicates that the accused is innocent, such as when criminal charges are unconditionally and unilaterally dismissed or when criminal charges are abandoned and the accused is discharged. Ash v. Ash
(1995), 72 Ohio St.3d 520, 522. A prosecution that is terminated by voluntary settlement or compromise with the accused is not a termination in favor of the accused. Id., syllabus.
 {¶ 17} Without the "official records" of his criminal proceedings, Davis could not establish whether probable cause was lacking for the charges against him or whether the proceedings "terminated in his favor" as held in Ash, supra. Indeed, because the proceedings in sealed cases are deemed by statute as not having occurred, R.C. 2953.52(B)(3), he cannot maintain a malicious prosecution action based upon them as a matter of law until the official records pertaining to the proceedings are unsealed at his request.
 {¶ 18} Accordingly, the common pleas court did not err in granting Remy's motion for summary judgment on Davis' claim for malicious prosecution. We overrule Davis' assignments or error and affirm the judgment of the common pleas court.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment and Opinion.