[Cite as *Kerr v. Mid-Am. Mgt. Corp.*, 2012-Ohio-2632.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97571**

---

## STEVE KERR, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## MID-AMERICA MANAGEMENT CORP., ET AL.

DEFENDANTS-APPELLEES

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CP CV-734014

**BEFORE:** E. Gallagher, J., Cooney, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** June 14, 2012

**ATTORNEY FOR APPELLANTS**

Brett M. Mancino
75 Public Square
Suite 1016
Cleveland, Ohio    44147-3521


**ATTORNEYS FOR APPELLEES**

Robert I. Chernett
Evan T. Byron
Chernett Wasserman, LLC
The Tower at Erieview
1301 East Ninth St., Suite 3300
Cleveland, Ohio    44114

EILEEN A. GALLAGHER, J.:

{¶1} Plaintiffs-appellants, Steve Kerr and F.M. DeBartolo, appeal the trial court's grant of summary judgment in favor of defendants-appellees, Mid-America Management Corp. (Mid-America) and Kathleen Hendricks. For the following reasons, we affirm the decision of the trial court.

{¶2} Appellants filed suit for malicious prosecution and later amended that complaint to asssert an additional claim of abuse of process against Mid-America and Hendricks. Mid-America and Hendricks filed a motion to dismiss appellants' amended complaint that the trial court converted to a motion for summary judgment pursuant to Civ.R. 12(B). The trial court granted summary judgment in favor of Mid-America and Hendricks. Appellants appeal asserting the following assignment of error: "The trial court erred in granting summary judgment as to the appellants' claims for malicious prosecution and abuse of process."

{¶3} Our review of a trial court's grant of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 653 N.E.2d 1196

(1995), paragraph three of the syllabus; *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 696 N.E.2d 201 (1998). The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

{¶4} Appellants' amended complaint alleges that a dispute over an outstanding loan arose between appellants and Hendricks, the property manager of The Imperial House, a Mid-America apartment building where appellants resided as tenants. Appellants and Mid-America were previously involved in a forcible entry and detainer action, and appellants were ordered to vacate Imperial House and remove all of their personal belongings by May 14, 2009. The removal of appellants' property was not accomplished by that date due to a dispute between the parties regarding appellants' movers. Appellants allege that their attorneys reached an agreement with Mid-America allowing them to remove their property on May 15, 2009. However, on that date, appellants were denied access to the apartment and, as they were attempting to gain access to the apartment they were arrested by Lakewood police for trespassing.

{¶5} Hendricks placed the initial call to the Lakewood Police Department on May 15, 2009 based upon her understanding of the trial court's eviction order. Police arrived and appellants were arrested and charged with criminal trespass. The prosecutor for the city of Lakewood agreed to dismiss the charges against appellants in return for their agreement to pay court costs. Hendricks and Mid-America had no

further involvement in appellants' criminal case beyond Hendricks's call to Lakewood police.

{¶6} "The elements of a claim for malicious prosecution in Ohio include: (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused." *Doyle v. Gauntner*, 8th Dist. No. 95443, 2010-Ohio-6366, ¶ 24, citing *Criss v. Springfield Twp.*, 56 Ohio St.3d 82, 84, 564 N.E.2d 440 (1990).

{¶7} "It is the function of the court and not the jury to determine whether the criminal proceedings were terminated in favor of the plaintiffs." *Ash v. Ash*, 72 Ohio St.3d 520, 523, 651 N.E.2d 945 (1995). The Supreme Court of Ohio explained in *Ash* what is required to satisfy the third element of a malicious prosecution claim, stating, "[a] proceeding is 'terminated in favor of the accused' only when its final disposition indicates that the accused is innocent." *Id.* at 522. The Supreme Court further stated "a prosecution that is terminated by reason of a voluntary settlement or agreement of compromise with the accused is not indicative of guilt or innocence and, therefore, is not a termination in favor of the accused." *Id.* at syllabus.

{¶8} In regards to the present facts, this court has previously held that a prosecution dismissed upon agreement that the defendant pay court costs is not a termination in the defendant's favor; therefore, in such an instance the defendant, "cannot establish a prima facie case for malicious prosecution." *Clark v. Marc Glassman, Inc.*, 8th Dist. No. 86190, 2006-Ohio-1335, ¶ 19.

**{¶9}** Based on the facts in the record below, we agree with the trial court's determination that, "[l]ike *Ash*, the dismissal was conditioned upon the payment of court costs. This court finds that, following the precedent set by the [Ohio] Supreme Court, [appellants'] criminal action was not terminated in favor of the accused." As a matter of law, appellants cannot satisfy the third element of the standard for malicious prosecution and the trial court's grant of summary judgment in favor of Mid-America and Hendricks was proper.

**{¶10}** Appellants also argue that genuine questions of material fact precluded summary judgment on their abuse of process claim. The requisite elements for an abuse of process claim are (1) that a legal proceeding has been set in motion in proper form and with probable cause, (2) that the proceeding has been perverted to accomplish an ulterior purpose for which it was not designed and (3) direct damage has resulted from the wrongful use of process. *Doyle,* at ¶ 23, citing *Yaklevich v. Kemp, Schaeffer & Rowe Co.*, 68 Ohio St.3d 294, 298, 1994-Ohio-503, 626 N.E.2d 115. The parties dispute whether appellants can satisfy the second element of this standard.

> Initially the tort of abuse of process must be distinguished from malicious prosecution. Abuse of process requires a showing that process, once it has been issued, has been perverted to accomplish an improper purpose. This tort is not for the wrongful or malicious institution of process. It is not enough that appellees herein may have had ulterior motives, rather it is incumbent upon appellant to prove that a legitimate process employed for a legitimate purpose was employed in an improper manner." (Internal citations omitted.) *Garnett v. Meckler*, 8th Dist. No. 56711, 1990 WL 37424 (Mar. 29, 1990).

**{¶11}** As recognized by the Ohio Supreme Court,

"[t]he improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club." *Prosser & Keeton* on Torts (5 Ed.1984) 898, Section 121. Simply, abuse of process occurs where someone attempts to achieve through use of the court that which the court is itself powerless to order. *Robb v. Chagrin Lagoons Yacht Club, Inc.*, 75 Ohio St.3d 264, 271, 1996-Ohio-189, 662 N.E.2d 9.

**{¶12}** Appellants have failed to raise a genuine issue of material fact to preclude summary judgment on their abuse of process claim. As an initial matter we note that appellants' affidavits fail to establish first-hand knowledge of the purported "agreement" between appellants' attorneys and Mid-America's attorney(s) for appellants to remove their property on May 15, 2009. Furthermore, even assuming such agreement did in fact exist, as the trial court pointed out, such an agreement would expressly violate the trial court's prior order barring appellants from entering the property and requiring them to remove their personal property by May 14, 2009. Appellants have failed to offer any authority for the proposition that they had the authority to ignore the trial court's order. We also note, even if we ignored the fact that appellants' affidavits fail to present first-hand knowledge of the alleged agreement, there is absolutely no evidence on the record to indicate that Hendricks, who made the call to the police, had any personal knowledge of such agreement. In fact, Hendricks specifically averred in her affidavit that she placed the call to the police based on her understanding of the trial court's prior order. In light of the above factual deficiencies, we agree with the trial court's

conclusion that Hendricks was, "completely justified in calling the Lakewood Police because [appellants] were not, by Court order, allowed to be on the property on May 15."

**{¶13}** Appellants have failed to present any other facts to demonstrate that a legitimate process employed for a legitimate purpose was employed in an improper manner by Hendricks and Mid-America. Appellants have offered no evidence or argument to refute the affidavit of Hendricks wherein she asserts that she and Mid-America had no further involvement in appellants' criminal trespass cases subsequent to her initial phone call to the Lakewood Police Department. The trial court did not err in granting summary judgment on appellants' abuse of process claim.

**{¶14}** Appellants' sole assignment of error is without merit and overruled.

**{¶15}** The judgment of the trial court is affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

COLLEEN CONWAY COONEY, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR