WELLS *v.* PARKER.

Opinion delivered June 17, 1905.

1. INSTRUCTIONS—GENERAL OBJECTION.—A general objection to several instructions in gross is not sufficient if any one of them is good. (Page 45.)

2. MALICIOUS PROSECUTION—TERMINATION.—A discharge of a case by a grand jury is *prima facie* a termination of the prosecution, and is sufficient to support the requirement in an action for malicious prosecution that such prosecution be terminated. (Page 42.)

3. PROBABLE CAUSE—BINDING OVER TO GRAND JURY.—While the binding over of the accused, by a committing magistrate, to await the action of the grand jury is deemed evidence of probable cause, it is not conclusive evidence, as would be a conviction in a court of competent jurisdiction, even though it be subsequently reversed. (Page 43.)

4. ADVICE OF COUNSEL—QUESTIONS FOR JURY.—Whether the defendant in a suit for malicious prosecution acted under advice of counsel and made a full disclosure of the facts to him is a question of fact for the jury. (Page 43.)

Affirmed.

*Hallum & Clay,* for appellant.

The court's instruction as to the existence of probable cause was erroneous. 63 Ark. 387; 98 U. S. 195; 13 Gray, 201; 15 Mass. 243; 3 B. Mon. 4; 69 Ark. 439; 71 Ark. 362.

*W. C. Adamson* and *J. H. Carmichael,* for appellee.

This case should be dismissed for noncompliance with Rule IX. 85 S. W. 776. The jury's findings upon questions of fact are conclusive. 23 Ark. 208, 131; 40 Ark. 168; 19 Ark. 684. Exceptions to the instructions were not properly saved. 32 Ark. 224; 28 Ark. 18; 39 Ark. 339; 38 Ark. 539; 59 Ark. 465. The bill of exceptions does not show all the evidence in the case. 45 Ark. 240; 43 Ark. 451; 2 Ark. 33. The dismissal of the matter by the grand jury was a sufficient termination in plaintiff's favor. 19 Am. & Eng. Enc. Law. 682; 92 Ga. 421; 47 N. J. L. 413; 13 Am. & Eng. Pl. & Pr. 446; 109 Mass. 158; 133 Mass. 419; 144 Mass. 431.

HILL, C. J. This is a suit for malicious prosecution, and terminated in the circuit court in a judgment for the plaintiff for $500, and the defendant has prosecuted this appeal.

1. The motion for new trial presents four grounds. The first three are that the verdict is contrary to the law, to the evidence and to the law and evidence. The fourth is: "The court erred in giving instructions, Nos. 2, 3, 4, 5, 8 and 9 asked for by the plaintiff." The exception upon which this assignment is based reads as follows: "The defendant at the time excepted to the giving of instructions numbered 2, 3, 4, 5, 8 and 9, and asked that his exceptions be noted of record, which was accordingly done."

Mr. Justice EAKIN, speaking for this court in *Atkins* v. *Swope*, 38 Ark. 539, where the exception was in the exact language of the foregoing exception, said:

"The objection made to giving these instructions was general, embracing all of them in gross. It was not specific as to either or any of them, and directed the attention of the court to no particular error. We have several times held that objections of such sweeping nature will not be considered here if any of the instructions be good. It is not to be encouraged, even if all be bad. It is manifestly due the court that the attorney should lay his finger upon the errors complained of, and not compel the judge to seek them amongst all the matter included in a dragnet objection."

This rule has been a settled rule of practice in this court (and it is practically the same in every appellate court) for many years, and has been often followed. The authorities on this subject have been recently reviewed and approved in the case of *Young* v. *Stevenson*, 75 Ark. 182. Some of these instructions excepted to are elemental statements of law, and this kind of exception precludes the court from going beyond a finding that any. one of them is sound.

2. This leaves only the question of the sufficiency of the evidence to sustain the verdict.

The plaintiff was bound over by a justice of the peace to answer before the grand jury for a felony, and the grand jury dismissed the case. The appellant contends that the dismissal of

the case by the grand jury is not a sufficient termination of the prosecution to authorize the maintenance of the action for malicious prosecution. The authorities are practically uniform in holding that a discharge by a grand jury is *prima facie* a termination of the prosecution, and is sufficient to support the action on this requirement. *Miller* v. *Ry.* (C. C.) 41 Fed. 898. Newell on Malicious Prosecution, pp. 358-363; 19 Am. & Eng. Enc. Law (2d Ed.), p. 682.

The binding over to await the grand jury by a committing magistrate is deemed evidence of probable cause, but the authorities do not go beyond holding it only *prima facie* evidence of probable cause, not conclusive evidence, as a conviction in a court of competent jurisdiction is, even though it be reversed. *Hale* v. *Boylen,* 22 W. Va. 234; *Holliday* v. *Holliday,* 123 Cal. 26, 55 Pac. 703; *Miller* v. *Ry.* (C. C.) 41 Fed. 898; *Ross* v. *Hixon,* 46 Kan. 550, 26 Pac. 955, 12 L. R. A. 760, 26 Am. St. Rep. 123; 19 Am. & Eng. Enc. Law (2d Ed.), 664.

This committal by a magistrate was evidence in favor of the appellant, but not conclusive. There was evidence that he acted under advice of counsel (but there is some conflict on that), and also evidence that he did not make a full disclosure to his counsel of all facts known to him. These were issues of fact properly determinable by a jury, and, in the absence of any uncontroverted evidence of a fact conclusive of itself in favor of appellant, the verdict cannot be disturbed.

The judgment is affirmed.