FROEHLICH, APPELLANT, *v.* OHIO DEPARTMENT OF MENTAL HEALTH, APPELLEE.

[Cite as *Froehlich v. Ohio Dept. of Mental Health,*
114 Ohio St.3d 286, 2007-Ohio-4161.]

(No. 2006–0330—Submitted February 14, 2007—Decided August 29, 2007.)

LANZINGER, J.

{¶ 1} In this case, we are asked to determine whether the statute of limitations begins to run for a malicious prosecution claim when a grand jury issues a no-bill of indictment, or when the prosecutor later determines not to pursue any further criminal charges against the plaintiff. We hold that a cause of action accrues for

malicious prosecution when a no-bill is issued and that the statute of limitations is not extended by continuing conversations with a prosecutor concerning additional charges.

{¶ 2} Patricia Froehlich, the appellant, appeals from a judgment of the Franklin County Court of Appeals in favor of the Ohio Department of Mental Health ("ODMH") on Froehlich's claim of malicious prosecution.

{¶ 3} Froehlich, a registered nurse, was employed by the Cambridge Psychiatric Hospital from May 1988 until July 2000. Her employment was terminated in July 2000 due to an incident that occurred on February 7, 2000, when allegedly, she and other hospital employees abused a patient. After the patient had feigned a suicide attempt, staff attempted to move her to a quiet room. Froehlich then contacted the hospital physician and informed him of the events that had taken place. Based on this information, the doctor ordered that the patient be given a shot and placed in restraints. The next morning, a red abrasion was found on the patient's buttocks. The patient claimed that the abrasion occurred because she was dragged to the quiet room by staff. Because of the complaint, an investigation was launched.

{¶ 4} The Cambridge Psychiatric Hospital and the Ohio State Highway Patrol investigated allegations that the patient was abused and that the use of restraints was not proper. In March and April 2000, the Guernsey County prosecutor sought a felony indictment against Froehlich for the first claim, patient abuse, but decided not to seek an indictment for the second claim of unauthorized use of restraints. The grand jury returned a no-bill of indictment on the charge of patient abuse on April 4, 2000.

{¶ 5} After the grand jury returned the no-bill, the Ohio State Highway Patrol, the Cambridge Psychiatric Hospital police, and the county prosecutor continued to discuss the possibility of indicting Froehlich on a charge of unauthorized use of restraints. However, the prosecutor eventually declined to present further charges to the grand jury and notified the Ohio State Highway Patrol of this decision by letter on May 22, 2001.

{¶ 6} Froehlich filed a complaint in the Ohio Court of Claims against ODMH on August 8, 2001, alleging malicious prosecution, intentional infliction of emotional distress, and defamation. The trial court found in favor of Froehlich on the malicious prosecution claim, but found for ODMH on the claim of intentional infliction of emotional distress and the claim of defamation.[1] The trial court held that Froehlich filed her action for malicious prosecution within the one-year statute of limitations because ODMH continued to pursue criminal charges at

---

1. Froehlich did not appeal the issues on which ODMH prevailed.

least through May 2001, when the prosecutor notified the Ohio State Highway Patrol that he would not recommend any further charges against Froehlich.

{¶ 7} The Franklin County Court of Appeals reversed, determining that the criminal proceedings against Froehlich ended when the grand jury issued its no-bill. Under the court of appeals' analysis, the prosecution terminated and the cause of action for malicious prosecution accrued on April 4, 2000. Because Froehlich filed her complaint on August 8, 2001, her claim was time-barred.

{¶ 8} We accepted this case as a discretionary appeal. Froehlich seeks acceptance of her proposition that for purposes of a malicious prosecution claim, a prosecution may continue even after a grand jury has issued a no-bill on an indictment. ODMH responds that presentation of evidence to a grand jury is not a prosecution, but even if it were, a cause of action for malicious prosecution accrues when the no-bill has issued. We agree that, if the presentation of evidence to a grand jury constitutes a prosecution, a cause of action for malicious prosecution accrues when a no-bill is issued and that Froehlich's claim for malicious prosecution is therefore time-barred.

## Malicious Prosecution

{¶ 9} We have long recognized the tort of malicious prosecution and the right to recover for the misuse of the criminal and civil process. *Pope v. Pollock* (1889), 46 Ohio St. 367, 370–371, 21 N.E. 356. However, claims for malicious prosecution are not favored at law because they "act as a restraint upon the right to resort to the courts for lawful redress." *Guy v. McCartney,* 7th Dist. No. 00 JE 7, 2002-Ohio-3035, 2002 WL 1376235, ¶ 18. Public policy supports this position in order that criminal investigations are not discouraged and that those who cooperate with law enforcement are protected.

{¶ 10} The tort of malicious prosecution in a criminal setting requires proof of three essential elements: "(1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused." *Trussell v. Gen. Motors Corp.* (1990), 53 Ohio St.3d 142, 146, 559 N.E.2d 732. ODMH asks us to hold that a "prosecution" is not instituted when evidence is merely presented to a grand jury. The Restatement of Law 2d, Torts (1977), Section 653, speaks of "criminal proceedings" in setting forth the elements of malicious prosecution. The presentation of evidence to a grand jury arguably begins "proceedings" against an individual. The Revised Code does provide a remedy for an individual whose criminal case does not proceed to indictment. R.C. 2953.52(A)(2) specifically allows "[a]ny person, against whom a no bill is entered by a grand jury [to] apply to the court for an order to seal his official records in the case."

{¶ 11} We will therefore assume, without deciding, for purposes of this case that the criminal process was commenced against Froehlich when the evidence against her was presented to the grand jury.

{¶ 12} We need not dwell on the first two elements of the tort, malice and probable cause, for these issues are not before us. However, because the statute of limitations period determines whether Froehlich's action was timely, we must address the third element of a malicious prosecution action; that is, when did the prosecution terminate in her favor?

{¶ 13} The Restatement of Law 2d, Torts (1977), Section 659, states that criminal proceedings are terminated in favor of the accused when there is:

{¶ 14} "(a) a discharge by a magistrate at a preliminary hearing, or

{¶ 15} "(b) the refusal of a grand jury to indict, or

{¶ 16} "(c) the formal abandonment of the proceedings by the public prosecutor, or

{¶ 17} "(d) the quashing of an indictment or information, or

{¶ 18} "(e) an acquittal, or

{¶ 19} "(f) a final order in favor of the accused by a trial or appellate court."

{¶ 20} The parties each rely on different parts of this Restatement section. ODMH argues that, under subsection (b), if the grand jury's consideration of the evidence presented to it was a prosecution, the proceedings against Froehlich were terminated when the grand jury refused to indict. Froehlich argues that, under subsection (c), a formal abandonment of the proceedings did not occur until a year after issuance of the no-bill, when the prosecutor notified the State Highway Patrol by letter that he would not pursue a second charge.

{¶ 21} The comment to subsection (c) of Section 659 of the Restatement states that "the usual method by which a public prosecutor signifies the formal abandonment of criminal proceedings is by the entry of a nolle prosequi, either with or without the leave of the court." Nevertheless, other courts have acknowledged that the refusal of a grand jury to indict is also a termination. See *Wells v. Parker* (1905), 76 Ark. 41, 88 S.W. 602 (discharge by grand jury is prima facie termination in favor of prosecuted); *Woodruff v. Woodruff* (1857), 22 Ga. 237 (proof that a grand jury returned a no-bill of indictment is prima facie proof of the termination of a prosecution); *Zello v. Glover* (Tex.Civ.App.1933), 59 S.W.2d 877 (return of a no-bill of indictment is a final termination in favor of the accused); *McIver v. Russell* (D.Md.1967), 264 F.Supp. 22 (dismissal by a grand jury of a presentment for indictment constitutes a termination in plaintiff's favor); *Freed v. Hospitality Motor Inns, Inc.* (Jan. 22, 1974), 10th Dist. No. 73AP–128, 1974 WL 183750 (an action for malicious prosecution was filed after a grand jury returned a no bill of indictment). We agree that in this case there was a

termination of prosecution in favor of Froehlich when the grand jury returned the no-bill.

{¶ 22} With respect to whether conversations concerning another possible charge continued the prosecution against Froehlich until the prosecutor notified the highway patrol that he would not present further evidence to the grand jury, we note an important point. The allegation of improper use of restraints, discussed by the prosecutor, the Ohio State Highway Patrol, and ODMH, was never instituted as a charge by information or indictment; no warrant or subpoena was issued. The charge was simply a *potential* charge. We agree with the statement of the Tenth District Court of Appeals that "though the letter of the Guernsey County prosecutor clearly indicates a decision not to pursue an additional charge against [Froehlich] to a new grand jury, the letter is not a formal manifestation of abandonment of proceedings as contemplated by subsection (c) of Section 659 [of the Restatement]. Rather, the communications following the issuance of the no-bill by the grand jury were merely the consideration of proceedings and not a formal institution of proceedings." *Froehlich v. Dept. of Mental Health*, Franklin App. No. 05AP–129, 2005-Ohio-7026, 2005 WL 3557449, ¶ 18. We therefore hold that the additional discussions about seeking an indictment on a second charge did not continue any "prosecution" against Froehlich beyond the date when the no-bill was issued. These discussions were not a formal institution of proceedings and prosecution on a second charge never began.

## Statute of Limitations

{¶ 23} Our holding that the proceedings against Froehlich were terminated in her favor for purposes of malicious prosecution when the grand jury returned the no-bill also determines the issue of whether the action was filed within the applicable statute of limitations. R.C. 2305.11(A) states that "[a]n action for libel, slander, [and] malicious prosecution * * * shall be commenced within one year after the cause of action accrued * * *." Since the statute of limitations began to run after the grand jury refused to indict Froehlich on April 4, 2000, her claim for malicious prosecution was required to have been filed by April 4, 2001. See R.C. 2301.11(A). Froehlich's lawsuit for malicious prosecution thus was time-barred when she filed it on August 8, 2001.

## Conclusion

{¶ 24} We therefore affirm the judgment of the court of appeals and hold that when criminal proceedings terminate in favor of an accused upon a no-bill of indictment, a cause of action for malicious prosecution accrues upon issuance of

the no-bill and the statute of limitations is not extended by continuing conversations with a prosecutor about additional criminal charges.

Judgment affirmed.

MOYER, C.J., LUNDBERG STRATTON, O'CONNOR, O'DONNELL and CUPP, JJ., concur.

PFEIFER, J., dissents.

---

**PFEIFER, J., dissenting.**

{¶ 25} "A proceeding is 'terminated in favor of the accused' only when its final disposition indicates that the accused is innocent." *Ash v. Ash* (1995), 72 Ohio St.3d 520, 522, 651 N.E.2d 945. A no bill does not indicate that the accused is innocent; a no bill is simply a report "that an indictment is not found." R.C. 2953.51. Thus, a no bill indicates that the prosecutor did not present enough evidence to enable the grand jury to indict, not that the accused is innocent. Examples of a termination in favor of the accused include "an unconditional, unilateral dismissal of criminal charges or an abandonment of a prosecution by the prosecutor or the complaining witness that results in the discharge of the accused." *Ash*, 72 Ohio St.3d at 522, 651 N.E.2d 945.

{¶ 26} Nothing in the Rules of Criminal Procedure prevents a prosecutor from reindicting an accused for the same offense after a no-bill report is issued. Froehlich, therefore, remained in jeopardy and was, in fact, still being investigated after the grand jury had issued the no bill. I conclude that the proceeding was not terminated in favor of Froehlich until the abandonment of the prosecution by the prosecutor, which occurred on May 22, 2001. See id. Accordingly, the claim for malicious prosecution, which was filed on August 8, 2001, should not be time-barred.

---

O'Malley & Oglesbee and William J. O'Malley; and Frederick M. Gittes, for appellant.

Marc Dann, Attorney General, Elise Porter, Acting Solicitor General, Stephen P. Carney, Deputy Solicitor, and Velda K. Hofacker–Carr, Assistant Attorney General, for appellee.