DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Salim Al-Quaadir, appeals the judgment of the Summit County Court of Common Pleas, which granted summary judgment in favor of appellee, Budget Rent A Car[1] ("Budget"). This Court affirms. *Page 2 
 I. {¶ 2} On June 4, 2003, Detective David Brown of the Summit County Sheriffs Office executed an affidavit for complaint, averring that Al-Quaadir rented a vehicle from Budget Car Rental ("Budget") and failed to return it when it was due. He averred that Cathy Owens of Budget informed him that the vehicle, which had been entered as stolen with NCIC, had been discovered in Georgia. On June 6, 2003, a complaint alleging one count of unauthorized use of a motor vehicle in violation of R.C. 2913.03(B) was filed in the Barberton Municipal Court. While Al-Quaadir was in Ohio in 2005, he was arrested on some outstanding warrants. On March 7, 2005, he was indicted on one count of unauthorized use of a vehicle in violation of R.C. 2913.03(B), a felony of the fifth degree. That criminal case was dismissed on May 20, 2005, at the request of the State.
 {¶ 3} On April 19, 2006, Al-Quaadir filed a complaint against Budget, alleging a claim of malicious prosecution premised on the filing of the above-referenced criminal case. Budget answered and filed a counterclaim sounding in breach of contract and/or conversion. Budget amended its counterclaim on August 10, 2006, to limit the time that Al-Quaadir kept possession of the rental car without consent.
 {¶ 4} The parties engaged in discovery. On February 15, 2007, Al-Quaadir filed a motion to compel discovery from Budget. Al-Quaadir asserted *Page 3 
that Budget had engaged in trickery and dilatory conduct by submitting evasive or incomplete answers to discovery requests. Counsel asserted that he sent two emails to Budget's attorney, but that he never responded. On February 28, 2007, Budget filed a motion to compel discovery, specifically requesting that Al-Quaadir be ordered to more fully respond to Budget's discovery requests. Budget did not recite any efforts made to resolve the matter. On March 13, 2007, the trial court issued an order on the motions to compel, in which it asserted that the parties must make reasonable efforts to resolve their discovery problems through discussions, pursuant to Civ.R. 37(E). The trial court further asserted that Civ.R. 37(E) requires that any motions to compel discovery must be accompanied by a statement reciting the efforts made to resolve the matter and that court intervention should be sought only as a last resort. The trial court then emphasized that the parties must maintain professionalism and civility throughout the course of the litigation. By its March 13, 2007 order, the trial court effectively denied both motions to compel.
 {¶ 5} On March 1, 2007, Budget filed a motion for leave to file a motion for summary judgment instanter. The trial court granted the motion for leave. Budget also filed a motion for default judgment on its counterclaim because Al-Quaadir had failed to answer. Al-Quaadir requested and was granted leave to file an answer to the counterclaim. His answer was filed on March 7, 2007. On March 8, 2007, Budget supplemented its motion for summary judgment with a *Page 4 
previously unavailable affidavit. On March 27, 2007, Al-Quaadir filed his response to the motion for summary judgment along with a statement of unavailability of affidavits pursuant to Civ.R. 56(F), sworn to by plaintiffs counsel. On May 30, 2007, the trial court granted Budget's motion for summary judgment.
 {¶ 6} Al-Quaadir timely appeals, raising two assignments of error for review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL ERRED IN RULING IN GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITHOUT FIRST RULING ON THE PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND THUS, ALLOWED THE DEFENDANT TO INTENTIONALLY FRUSTRATE THE PLAINTIFF'S PREPARATION AND PRESENTATION OF ITS CASE BY REPEATEDLY FAILING TO RESPOND TO THE PLAINTIFF'S DISCOVERY REQUESTS." (Sic)
 {¶ 7} Al-Quaadir argues that the trial court erred by granting Budget's motion for summary judgment while Al-Quaadir's motion to compel discovery was still pending. This Court disagrees.
 {¶ 8} This Court finds that the trial court effectively denied Al-Quaadir's motion to compel discovery in its March 13, 2007 order in which it implicitly found that neither party had substantiated their motions to compel with statements reciting the efforts made to resolve the matter short of court intervention pursuant to Civ.R. 37(E). Moreover, if the March 13, 2007 order cannot be found to have *Page 5 
denied the motions to compel, this Court may presume that the trial court's failure to otherwise address the motions serves to overrule them. State ex rel. The V Cos. v. Marshall (1998), 81 Ohio St.3d 467,469.
 {¶ 9} This Court must affirm a trial court's disposition of discovery issues absent an abuse of discretion. Id. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 10} Al-Quaadir argues that the trial court abused its discretion by refusing to compel Budget to comply with his discovery requests, thereby rendering the proceedings fundamentally unfair. Al-Quaadir further argues that the trial court abused its discretion by not compelling Budget to adequately respond to discovery requests prior to ruling on the motion for summary judgment.
 {¶ 11} Al-Quaadir's subsequent discovery request, subsumed in his counsel's affidavit of the opposing party as to unavailable affidavits, was governed by Civ.R. 56(F), which provides:
 "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may *Page 6 
order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."
 {¶ 12} This Court has stated:
 "The affidavit requirement is no mere trifle. To obtain a continuance under Civ.R. 56(F), a party must file an affidavit that sets forth why it is unable to present sufficient facts to rebut a motion for summary judgment. Grange Mut. Cas. Co. v. State Auto Mut. Ins. Co. (1983), 13 Ohio App.3d 217, 217-218. Relief under Civ. R. 56(F) is not mandatory, but rather is a matter of the court's discretion. Ramsey v. Edgepark, Inc.
(1990), 66 Ohio App.3d 99, 106." Cessna v. Lone Star Steakhouse Saloon of Ohio, Inc. (Nov. 7, 2001), 9th Dist. No. 20553.
 {¶ 13} In this case, the affidavit accompanying Al-Quaadir's Civ.R. 56(F) motion is insufficient. Counsel averred that Budget continued to avoid discovery, although Budget provided answers and responses to the plaintiffs interrogatories, requests for production of documents and requests for admissions. Al-Quaadir's counsel's objections to the impropriety of Budget's responses, however, appear to be simply that the responses do not support Al-Quaadir's claim for malicious prosecution. Budget was obligated merely to provide the requested discovery, not to ensure that such discovery would substantiate the allegations in Al-Quaadir's complaint.
 {¶ 14} Al-Quaadir's counsel further averred that he had recently discovered the identity and location of several people who can corroborate Al-Quaadir's claims. He averred that he had been unable to obtain their affidavits, however, because they live out-of-state, their work schedules have not permitted the securing of affidavits, and Budget's motion for summary judgment was filed too *Page 7 
close to trial to allow Al-Quaadir to secure affidavits. However, counsel's affidavit does not explain why he was unable to secure such affidavits during the eleven months that his case was pending and during the nine months since Budget provided its discovery responses.
{¶ l5} Here, in early July 2006, Budget provided Al-Quaadir with its responses to his discovery requests, including the car rental contract he signed and records from the Prosecutor's office regarding the criminal proceedings initiated against him. The discovery provided by Budget identified key persons whose testimony would be relevant to the presentation of Budget's case. Al-Quaadir failed to depose or obtain affidavits from any named potential witness.
 {¶ 16} Under these circumstances, this Court cannot conclude that the trial court abused its discretion by not granting the relief requested by Al-Quaadir under his request pursuant to Civ.R. 56(F). Accordingly, Al-Quaadir's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE TRIAL ERRED IN GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BASED ON ITS RULING THE PROSECUTOR'S EXERCISE OF DISCRETION IN DECIDED TO PROSECUTE PROVIDED THE DEFENDANT WITH ABSOLUTE IMMUNITY?" (Sic)
 {¶ 17} Al-Quaadir argues that the trial court erred by granting summary judgment in favor of Budget because it improperly found, based on Archer v. Cachat (1956), 165 Ohio St. 286, that "a prosecutor's involvement in the decision *Page 8 
to prosecute insulates the defendant from civil liability unless the defendant exerted pressure that was a determining factor in the decision to prosecute or the prosecutor knew the defendant's information was false." Al-Quaadir further argues that, if this is an accurate statement of law, then the law must be changed, as it "amounts to absolute immunity and abolishes all malicious prosecution cases." This Court disagrees.
{¶ l8} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-WoodwardCo. (1983), 13 Ohio App.3d 7, 12.
 {¶ 19} Pursuant to Civ.R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 20} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. Once a moving party satisfies its burden of supporting its motion for *Page 9 
summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel.Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 21} To prevail on a claim alleging malicious prosecution, Al-Quaadir must prove three essential elements: "(1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused."Froehlich v. Ohio Dept. of Mental Health, 114 Ohio St.3d 286,2007-Ohio-4161, at ¶ 10, citing Trussell v. Gen. Motors Corp. (1990),53 Ohio St.3d 142, 146. There is no dispute that the prosecution for unauthorized use of a vehicle was terminated in favor of Al-Quaadir when the State requested the dismissal of the case. However, Al-Quaadir failed to meet its reciprocal burden to demonstrate malice and/or lack of probable cause.
 {¶ 22} The Ohio Supreme Court thoroughly addressed the law relevant to malicious prosecutions in Archer, 165 Ohio St. at 287-88:
 "One of the fundamental rules of the law relating to actions for malicious prosecution is summarized clearly in the following excerpt from 3 Restatement of the Law of Torts, page 386:
 "`G. Influencing a public prosecutor. A private person who gives to a public official information of another's supposed criminal misconduct, of which the official is ignorant, obviously causes the institution of such subsequent proceedings as the official may begin *Page 10 
on his own initiative, but giving such information or even making an accusation of criminal misconduct does not constitute a procurement of the proceedings initiated by the officer if it is left entirely to his discretion to initiate proceedings or not. Where a private person gives to a prosecuting officer information which he believes to be true, and the officer in the exercise of his uncontrolled discretion initiates criminal proceedings based upon that information, the informer is not liable under the rule stated in this section even though the information proves to be false and his belief therein was one which a reasonable man would not entertain. The exercise of the officer's discretion makes the initiation of the prosecution his own and protects from liability the person whose information or accusation has led the officer to initiate the proceedings.
 "`If, however, the information is known by the giver to be false, an intelligent exercise of the officer's discretion becomes impossible and a prosecution based thereon is procured by the person giving the false information. In order to charge a private person with the responsibility for the initiation of proceedings by a public official, it must therefore appear that his desire to have proceedings initiated expressed by direction, request, or pressure of any kind was the determining factor in the official's decision to commence the prosecution or that the information furnished by him upon which the official acted was known to be false.'
 "The following similar statement appears in Prosser on Torts, page 865:
 "`If the defendant merely states what he believes, leaving the decision to prosecute entirely to the uncontrolled discretion of the officer, or if the officer makes an independent investigation, or prosecutes for an offense other than the one charged by the defendant, the latter is not regarded as having instituted the proceedings * * *.'"
 {¶ 23} Here, Budget presented the affidavit of Cathy Owens, the manager of the Budget branch located at the Akron-Canton Airport at the time that Al-Quaadir rented a vehicle. Ms. Owens averred that Al-Quaadir rented the vehicle from May 4, 2003, until May 11, 2003, but that the return date was extended until *Page 11 
May 14, 2003. Ms. Owens averred that Al-Quaadir neither returned the vehicle when it was due, nor did he contact Budget to further extend the return date. She averred that she attempted to contact Al-Quaadir after he had not timely returned the vehicle, but that the contact information he had provided was no longer current. Ms. Owens averred that she was ultimately able to contact one of Al-Quaadir's relatives who told her that Al-Quaadir had moved to Georgia. She averred that she was able to locate a woman in Georgia who claimed to be Al-Quaadir's wife and who told her that the vehicle would be returned to a Budget location in Georgia in the near future. Ms. Owens averred that she made a report to the Summit County Sheriff's Office on May 30, 2003, because she was still unaware of the vehicle's whereabouts. She averred that she learned in June 2003 that the vehicle had been returned to a Budget Car Sales lot in Georgia, which lot was not an authorized rental return location. At that point, however, she averred that she had no further contact with law enforcement officials and that she never executed a criminal complaint or affidavit, testified at grand jury, nor appeared for trial or any other proceeding regarding Al-Quaadir's criminal prosecution. Finally, Ms. Owens averred that, to her knowledge, no other Budget employee had contact with law enforcement officials regarding Al-Quaadir's failure to return the rented vehicle when it was due.
 {¶ 24} Budget also presented the affidavit of Deputy Michael Hawsman of the Summit County Sheriffs Office, who averred that Cathy Owens reported to *Page 12 
him that Al-Quaadir failed to return a rented vehicle to Budget pursuant to the terms of his rental agreement. He further averred that he contacted the Summit County Prosecutor's Office on his own accord within his capacity as a deputy, and that Ms. Owens neither directed, requested, nor pressured him to do so.
 {¶ 25} Budget presented the affidavit of David Fish, a prosecutor for the Barberton Municipal Court and Assistant Law Director for the City of Barberton, who averred that he authorized Detective David Brown of the Summit County Sheriffs Office to file a criminal charge against Al-Quaadir for the unauthorized use of a motor vehicle. He averred that Cathy Owens did not direct or pressure him to initiate criminal proceedings against Al-Quaadir; rather, his decision to initiate a prosecution was an exercise of his discretion within his capacity as a prosecutor and assistant law director.
 {¶ 26} Finally, Budget presented the affidavit of Detective David Brown of the Summit County Sheriffs Office, who averred that Assistant Prosecutor Fish related Cathy Owens' report to him. Detective Brown averred that Fish authorized him to file a criminal charge of unauthorized use of a motor vehicle against Al-Quaadir. He averred that he also contacted Ms. Owens who told him that Al-Quaadir had not returned the rented vehicle by the due date and that she learned that he had moved to Georgia. Detective Brown averred that Ms. Owens did not direct, request, or pressure him to initiate criminal proceedings and that he did so solely within his capacity and discretion as a detective for the Sheriffs Office. *Page 13 
 {¶ 27} Budget also presented a certified copy of the Grand Jury's indictment of Al-Quaadir on the charge of unauthorized use of a vehicle.
 {¶ 28} Budget met its initial burden under Dresher to demonstrate that Ms. Owens, as Budget's agent, did not initiate criminal proceedings against Al-Quaadir. Rather, Budget's evidence establishes that it was law enforcement officials, in their uncontrolled discretion, who initiated the criminal proceedings without any direction, request or pressure from Budget or its agent. Budget's evidence further establishes that the Grand Jury exercised its uncontrolled discretion in returning an indictment against Al-Quaadir. Ms. Owens did not testify before the Grand Jury. Neither did she contact law enforcement officials to continue the prosecution of Al-Quaadir. Although she eventually learned that the vehicle was ultimately returned to a Budget location in mid-June of 2003, albeit with some minor damage and without keys, the vehicle had indisputably been returned beyond the date that the term of the rental period had expired.
 {¶ 29} Al-Quaadir failed to meet his reciprocal burden underTompkins, 75 Ohio St.3d at 449, of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. He presented no evidence of the type permitted by Civ.R. 56(C), and this Court has already found his affidavit as to the unavailability of affidavits insufficient. Accordingly, appellant has failed to put forth any evidence to establish that Budget maliciously initiated or continued the criminal prosecution against Al-Quaadir. Because we find that *Page 14 
Al-Quaadir presented no evidence to overcome Budget's evidence regarding the first element of malicious prosecution, this Court need not determine whether Al-Quaadir could substantiate the second element.
 {¶ 30} Al-Quaadir failed to demonstrate that genuine issues of material fact exist and that Budget was not, therefore, entitled to judgment as a matter of law. The trial court, therefore, did not err by granting summary judgment in favor of Budget on the malicious prosecution claim.
 {¶ 31} Al-Quaadir next argues that the law enunciated inArcher should be changed because it amounts to absolute immunity and abolishes all malicious prosecution cases. The Ohio Supreme Court has stated that "claims for malicious prosecution are not favored at law because they `act as a restraint upon the right to resort to the courts for lawful redress.'" Froehlich at ¶ 9, quoting Guy v. McCartney, 7th Dist. No. 00 JE 7, 2002-Ohio-3035, at ¶ 18. The Froehlich court added that "[p]ublic policy supports this position in order that criminal investigations are not discouraged and that those who cooperate with law enforcement are protected." Id. at ¶ 9. However, even a cursory reading of Archer clarifies that private persons do not enjoy absolute immunity from liability. A private person may be found to have initiated criminal proceedings where the person affirmatively directs, requests or pressures an official and where that direction, request or pressure is the determining factor in the official's decision to initiate a prosecution. Archer, 165 Ohio St. at 288. In addition, a private person *Page 15 
may be liable where the person knows that the information he has provided to the official is false. Id. In this case, the evidence establishes that Budget's agent did not direct, request or pressure any official to initiate or continue criminal proceedings against Al-Quaadir. The evidence further establishes that Ms. Owens did not furnish information to officials which she knew to be false. Accordingly, there is no support for Al-Quaadir's argument that the law must be changed because it abolishes all malicious prosecution actions. Such an action remains viable under the two circumstances delineated above. Al-Quaadir's second assignment of error is overruled.
III. {¶ 32} Al-Quaadir's assignments of error are overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of *Page 16 
Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
DICKINSON, J. BAIRD, J. CONCUR.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] Appellee has asserted throughout the record that it was improperly denominated as Budget Rent A Car, Inc., while its proper name is Avis/Budget Group. We will continue to refer to appellant as Budget. *Page 1