NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0221n.06

Case No. 20-3981

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Apr 23, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DAVID GRAY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| RICHARD E. HAMILTON, Individually and | ) | OHIO |
| as Administrator of the Estate of Kelly Motta, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: GIBBONS, COOK, and LARSEN, Circuit Judges.

COOK, Circuit Judge. This dispute started when David Gray questioned the handling by Richard Hamilton, the administrator of his ex-wife's estate, of a $6000 monthly alimony check deposited the day Gray's ex-wife died. It worsened when Hamilton accused Gray of concealing assets from his ex-wife's estate. After much procedural maneuvering, the parties' various filings presented the district court with a sole dispositive question: whether under Ohio law the special probate action codified at Ohio Revised Code §§ 2109.50–2109.52 is a criminal proceeding that can support a malicious criminal prosecution action. The district court answered no. We AFFIRM.

**I.**

The single issue faced by the district court followed an acrimonious series of conflicts that ultimately resulted in Hamilton's filing a proceeding under Ohio Revised Code § 2109.50 against

Gray. Ohio Revised Code § 2109.50, a procedurally unusual statute, allows for the expeditious discovery of assets concealed or embezzled from an estate. Its procedure permits filing a complaint in probate court alleging embezzlement. As the statute reads, the probate court then shall compel the suspect to appear for examination under oath. Ohio Rev. Code § 2109.50. From there, the court makes a finding of guilty or not guilty. *Id.* at § 2109.52. A guilty finding prompts judgment in favor of the estate's fiduciary for the amount concealed or embezzled, plus a ten percent penalty and costs. *Id.* Importantly, that guilty finding carries no risk of a jail sentence. *See id*. But a suspect who fails to appear or answer examination faces confinement until they "submit[] to the court's order." *Id*. at § 2109.51; *see also State v. Garretson*, No. CA98-03-023, 1998 WL 873004, at *2 (Ohio Ct. App. Dec. 7, 1998).

Ohio courts describe the action as "a special proceeding of a summary, inquisitorial character whose purpose is to facilitate the administration of estates by summarily retrieving assets that rightfully belong there." *Goldberg v. Maloney*, 855 N.E.2d 856, 861 (Ohio 2006). It acts neither as "a substitute for a civil action to recover a judgment for money," *State ex rel. Goldberg v. Mahoning Cnty. Prob. Ct.*, 753 N.E.2d 192, 198 (Ohio 2001) (emphasis omitted), nor as a bar for a subsequent criminal theft proceeding, *see State v. Harmon*, 72 N.E.3d 704, 715 (Ohio Ct. App. 2017). Due to its unusual nature, including the finding of guilty or not guilty, courts characterize it as "quasi-criminal." *See, e.g.*, *Goldberg*, 753 N.E.2d at 198.

Despite the use of "criminal," a § 2109.50 proceeding "has historically been considered a civil action." *Harmon*, 72 N.E.3d at 715; *see also In re Guardianship of Lindsey*, No. CA2015-01-004, 2015 WL 5934635, at *3–4 (Ohio Ct. App. 2015) (referring to the § 2109.50 proceeding as a "civil concealment action"). Given its "civil . . . character," the civil rules of procedure apply. *Wozniak v. Wozniak*, 629 N.E.2d 500, 507 (Ohio Ct. App. 1993); *see also Est. of DeChellis v.*

*DeChellis*, 140 N.E.3d 1193, 1200 (Ohio Ct. App. 2019) ("While R.C. 2109.50 is a quasi-criminal special statutory proceeding, this type of action is controlled by the laws governing civil proceedings in the probate court."); *In re Est. of Popp*, 641 N.E.2d 739, 744 (Ohio Ct. App. 1994) (same). Courts also find that the monetary penalty—ten percent of the concealed assets—"is civil in nature." *Harmon*, 72 N.E.3d at 715.

**II.**

After Hamilton filed his § 2109.50 complaint against Gray, he then voluntarily dismissed it. Gray then sued Hamilton, individually and as administrator of the estate, for malicious prosecution, complaining that Hamilton used § 2109.50 vindictively. On Hamilton's motion, the district court dismissed Gray's complaint under Rule 12(b)(6) for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

We review that decision de novo. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

In Ohio there are two types of malicious prosecution. Malicious criminal prosecution requires a showing of: "(1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused." *Trussell v. Gen. Motors Corp.*, 559 N.E.2d 732, 736 (Ohio 1990). This differs from the tort of malicious *civil* prosecution in that the *civil* version also requires showing prejudgment seizure of the plaintiff's person or property. *Robb v. Chagrin Lagoons Yacht Club, Inc.*, 662 N.E.2d 9, 13–14 (Ohio 1996).

While Ohio courts wrestled over the years with whether to retain a prejudgment seizure element for the two torts, they ultimately concluded that the harm to reputation from an unjustified arrest before one has an opportunity to defend justified dispensing with the seizure requirement in the criminal context. *See, e.g.*, *id.* But Ohio courts determined that requiring a seizure of property

to recover for civil malicious prosecution was justified by the need to curtail unwarranted claims. *Id.* Consideration of the many avenues available under the Ohio civil rules to forestall the harm supported that conclusion. *Id.* at 14.

The district court dismissed Gray's action because, although Gray's complaint and briefing repeatedly labeled the probate proceeding that Hamilton brought as criminal, Ohio courts have repeatedly confirmed that § 2109.50 "has historically been considered a civil action." *Harmon*, 72 N.E.3d at 715. And given its civil underpinnings, Gray cannot maintain this action in the absence of a prejudgment seizure. *See also* Restatement (Second) of Torts § 654 cmt. a (1977) (explaining that "'quasi-criminal' proceedings, in which the government seeks some remedy against the accused that is not intended as a punishment," cannot give rise to a malicious criminal prosecution claim); *Froehlich v. Ohio Dep't of Mental Health*, 871 N.E.2d 1159, 1162 (Ohio 2007) (utilizing the Restatement to define the scope of malicious criminal prosecution); *Ash v. Ash*, 651 N.E.2d 945, 947 (Ohio 1995) (same); *Trussell*, 559 N.E.2d at 735–36 (same). Because Gray did not plead a prejudgment seizure, the district court properly dismissed his malicious civil prosecution claim.[1]

**III.**

We AFFIRM.

---

[1] The district court also dismissed two conversion claims involving $4928.57 for lack of jurisdiction. Gray does not appeal that decision.